OPINION OF THE COURT
Dan Lamont, J.
In this action to foreclose a mechanic’s lien in the amount of $4,843.90, plaintiff moves for an order granting summary judgment of foreclosure for the relief demanded in the complaint, and further moves for an order pursuant to Lien Law § 44 (5) declaring that defendant James N. Wright’s $30,000 mortgage lien is deemed waived as not set forth in his answer.
background/facts
The facts are not in dispute. This is an action to foreclose a mechanic’s lien upon a parcel of real property improved by materials and labor allegedly furnished by the plaintiff for the agreed price and fair and reasonable value of $4,843.90. Plaintiff’s mechanic’s lien was filed on October 14, 1992, within four months after furnishing the last materials and labor as stated in the complaint.
A deed from Michael T. Fusco to Shannon Park, Inc. transferring the real property against which plaintiff had filed his mechanic’s lien was recorded in the Schoharie County Clerk’s Office on November 2, 1992 in Book 547 of Deeds at page 31. Thereafter, a $30,000 mortgage dated December 11, 1992 from Shannon Park, Inc. mortgagor to James N. Wright as mortgagee was recorded in the Schoharie County Clerk’s Office on December 11, 1992 in Book 474 of Mortgages at page 218.
Plaintiff’s action to foreclose a mechanic’s lien was commenced by filing the summons and verified complaint and a notice of pendency in the Schoharie County Clerk’s Office on October 8, 1993. Personal service of the summons and complaint was made upon Michael T. Fusco, as president of Shannon Park, Inc., and upon defendant James N. Wright on October 8, 1993, and proof of service was filed October 15, 1993. Defendant Shannon Park, Inc. has neither answered nor appeared in this action and its time within which to do so has *400 expired. Defendant James N. Wright has appeared by his attorney James Sacket, and has interposed an answer constituting a general denial on October 26, 1993.
Plaintiffs motion for summary judgment filed October 8, 1994 is not opposed by defendant James N. Wright.
ISSUE PRESENTED
Does Lien Law § 44 (5) require a mortgagee, by answer in the action, to set forth his mortgage lien or be deemed to have waived the same unless the lien is admitted in the complaint, and not contested by another defendant?
THE LAW
Lien Law § 44 provides in applicable part as follows:
"§ 44. Parties to an action in a court of record
"In an action in a court of record to enforce a lien against real property or a public improvement, the following are necessary parties defendant:
"1. All lienors having liens notices of which have been filed against the same real property or public improvement, or any part thereof, prior to the filing of the notice of lis pendens in such action, where by law the filing of a notice of lis pendens is proper or required.
"2. All persons having subsequent liens or claims against such real property, by judgment, mortgage or otherwise, filed, docketed or recorded prior to the filing of the notice of lis pendens, where by law the filing of a notice of lis pendens is proper or required.
"3. All persons appearing by the records in the office of the county clerk or register to be owners of such real property or any part thereof.
"4. Where by law, a notice of lis pendens may not be filed in such action, all lienors having liens notices of which have been filed against the same real property, and all persons having subsequent liens or claims against such real property, by judgment, mortgage or otherwise.
"5. Every defendant who is a lienor shall, by answer in the action, set forth his lien, or he will be deemed to have waived the same, unless the lien is admitted in the complaint and not contested by another defendant. The allegations is [sic: in] the answer of a defendant lienor shall be deemed denied by the *401 other lienors in said action without the necessity of serving replies. Two or more lienors having liens notices of which have been filed against the same real property or public improvement, or any part thereof, may join as plaintiffs.” (Emphasis supplied.)
CONCLUSIONS OF LAW
I. The plain language of Lien Law § 44 sets forth two separate categories of "necessary parties defendant,” to wit: "(1) all lienors having liens notices(Lien Law § 44 [1]) and (2) "all persons appearing * * * to be owners of such real property” (Lien Law § 44 [3]) or "all persons having subsequent liens or claims against such real property, by judgment, mortgage or otherwise. ” (Lien Law § 44 [2].)
This court holds and determines that Lien Law § 44 (5) applies only to necessary parties defendant who are "lienors having liens notices,” and does not apply to defendant James N. Wright as a "person having a subsequent lien or claim against such real property by mortgage.”
The reasons for such distinction in the statute are logical and plain. A lien notice constitutes an ex parte, unilateral, unliquidated claim against real property. In the course of a construction project gone sour, numerous mechanic’s liens for labor and materials can be and often are filed by various contractors and/or subcontractors and/or persons furnishing labor, supplies and/or materials. The purpose of the pleading provisions of Lien Law § 44 (5) would appear to this court to be necessary in order for there to be a judicial determination as to the validity, amount, and priority of payment of such mechanic’s liens. The unilateral filing of a mechanic’s lien does not finally establish the validity of the claim or the amount of the claim, which remains unadmitted, unfixed, undetermined and unadjudicated until an action to foreclose a mechanic’s lien is commenced and eventually proceeds to judgment.
On the other hand, a duly recorded mortgage or a judgment lien against real property constitutes an acknowledged and admitted — or judicially determined — fixed lien or claim against real property.
Accordingly, this court holds and determines that the provisions of Lien Law § 44 (5) do not apply to necessary parties defendant who are persons having subsequent liens or claims against such real property by judgment or mortgage, *402 and that plaintiff is not entitled to an order adjudging and declaring that defendant James N. Wright will be deemed to have waived his mortgage lien or claim against such real property by failing to set forth his $30,000 mortgage in his answer.
II. In the alternative, defendant James N. Wright has moved pursuant to CPLR 3025 (b) for an order permitting him to amend his answer to specifically set forth his $30,000 mortgage lien or claim against such real property.
CPLR 3025 (b) provides that "[a] party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances.” (Emphasis supplied.) Professor David D. Siegel in New York Practice (§ 237, at 352 [2d ed]) states: "This is one of the most important and often used provisions in practice. It assures flexibility throughout the action and adjusts the pleadings to the substantive rights involved whenever it can be done without prejudice. If there is no prejudice to the other side, leave to amend must be freely given. The courts stress this time and again.”
Notwithstanding the holding and determination by this court that Lien Law § 44 (5) does not apply to defendant James N. Wright as a person with a $30,000 mortgage, the County Court hereby grants defendant James N. Wright’s motion for an order granting leave to amend his answer to set forth his mortgage. The plaintiff’s contentions of prejudice to the effect that: (1) "plaintiff is bearing all the costs, including attorney’s fees which are not recoverable, to foreclose his mechanic’s lien” thereby giving defendant James N. Wright a free foreclosure of his mortgage; and (2) "plaintiff should be afforded the opportunity to bid on the real property without having to contend with the defendant James N. Wright bidding up to the amount of his mortgage” are not found at all persuasive, and are found completely at odds with notions of equity and fundamental fairness regarding the substantive rights involved.”
Plaintiff’s contention that he should be allowed to procedurally extinguish a $30,000 recorded mortgage against real property in the course of foreclosing a $4,843.90 mechanic’s lien having priority over said $30,000 mortgage is found fundamentally unfair, unjust, unnecessary, and contrary to *403 the substantive rights involved. Plaintiffs’ contention that defendant James N. Wright will be afforded a free foreclosure of his mortgage presupposes such mortgage is in default and that defendant Wright desires a foreclosure of such mortgage.
This court holds and determines that defendant James N. Wright’s motion pursuant to CPLR 3025 (b) for an order permitting him to amend his answer to specifically set forth his $30,000 mortgage against such real property should be and the same hereby is granted.
CONCLUSION
The County Court holds and determines that plaintiff is entitled to an order granting summary judgment of foreclosure of his mechanic’s lien upon the default of defendant Shannon Park, Inc. and without opposition by defendant mortgagee James N. Wright. The duly recorded $30,000 mortgage of defendant James N. Wright (whether or not in default) remains a valid mortgage lien upon said real property — such that defendant James N. Wright is entitled to participate in surplus money proceedings, if any.